## SAMUEL LANDOW
*vs.*
## MURRAY SHERMAN ET AL.

Superior Court      New Haven County      File No. 57187

MEMORANDUM FILED APRIL 5, 1940.

*Benjamin F. Goldman*, of New Haven, for the Plaintiff.

*Harold F. Rosen*, of New Haven, for the Defendants.

INGLIS, J.   This is an action to dissolve an alleged partner-ship.   In the latter part of May, 1939, the defendants were the owners of the apparatus which made up a game known as the Greyhound Racing Game and entered into negotiations with the plaintiff looking to his financing the moving of that game from Coney Island, N. Y., and its installation in a building at Savin Rock.   The negotiations got so far that it was tentatively agreed that the plaintiff would buy a one-third interest in the game from the defendants for $400 so that a partnership would be created that the plaintiff and each of the defendants would put $150 in cash into the partnership and that the plaintiff would loan to the partnership whatever was necessary to finance the moving and installation of the game.   The parties then discussed the question as to what compensation the de-fendants should receive for devoting their time to the operation of the game.   The defendants wanted $40 each per week but to that the plaintiff objected.   Without coming to an agree-

ment on the subject the parties called in a lawyer and instructed him to draft a contract leaving blank the amount of weekly compensation to be paid to the defendants in the hope that by the time the contract was drafted they could agree on that subject.

Inasmuch as the season was about to open and it was therefore desirable to get the game set up at once, the plaintiff advanced the money necessary to install the game and the game opened for business. The parties however were never able to agree as to the compensation which the defendants were to receive from the proposed partnership and no written contract of partnership was ever entered into. The plaintiff has never paid the defendants the $400 tentatively agreed upon as the purchase price of his one-third interest nor any part of it, and none of the parties has put into the enterprise the $150 in cash as proposed.

It is therefore concluded that no partnership agreement was entered into among the parties. This is both because the minds of the parties never met on at least one essential term of the agreement and also because the parties understood that the agreement was not to be complete until a written contract was signed and this was never done. Even though a partnership agreement had been reached, the plaintiff is in no position to enforce it because he has not performed nor tendered performance of his end of the agreement.

It is ordered that the temporary receiver file his account and upon the same being accepted and approved, turn the assets in his hands back to the defendants.

Judgment may enter for the defendants to recover of the plaintiff their taxable costs.